UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE VINEGAR FACTORY, INC., and ELI'S LEASING, INC., <br><br> Plaintiffs, <br><br> THE UNITED STATES SMALL BUSINESS ADMINISTRATION, and ISABELLA CASILLAS GUZMAN, IN HER OFFICIAL CAPACITY AS ADMINISTRATOR OF THE UNITED STATES SMALL BUSINESS ADMINISTRATION, <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiffs The Vinegar Factory, Inc. ("Vinegar Factory"), and Eli's Leasing, Inc. ("Eli's Leasing") (collectively, "Plaintiffs"), by and through their attorneys, Epstein Becker & Green, P.C., as to their Complaint for Declaratory Relief, allege as follows:

## INTRODUCTION

1.  In this action, Plaintiffs seek judicial review of legally erroneous decisions by the United States Small Business Administration ("SBA") denying forgiveness of Paycheck Protection Program ("PPP") loans Plaintiffs obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The Court should reverse the SBA's decisions and order the SBA to forgive the Vinegar Factory's and Eli's Leasing's PPP loans in full.

2.  In March of 2020 Congress passed the CARES Act in an effort to alleviate the disastrous economic impact of the Covid-19 pandemic on American small businesses and their

millions of employees. The CARES Act included the PPP, which was designed in part to assist small businesses keep workers on payroll through SBA-guaranteed forgivable loans.

3.  Loans extended to small businesses pursuant to the PPP were fully forgivable, so long as the borrowers met certain criteria. One of these criteria was that the borrower business had no more than 500 employees. Businesses applying for a PPP loan were required to include, in their applications, the employees of any affiliate businesses in the calculation of their total number of employees, pursuant to the SBA's affiliation rules. Certain businesses, however, were exempt from the affiliation rules. These were businesses assigned a North American Industry Classification System ("NAICS") code beginning with 72. NAICS codes beginning with 72 are assigned to "Accommodation and Food Services" businesses, *i.e.* those "providing customers with lodging and/or preparing meals, snacks, and beverages for immediate consumption." *See* NAICS Definition, Sector 72 (https://www.census.gov/naics/?input=72&year=2022&details=72) (last accessed June 13, 2023). In other words, these are customer-facing, retail food establishments.

4.  The Vinegar Factory is a kitchen and pastry production facility located in New York City. It is one of 13 small businesses in New York City owned by Eli Zabar (the "Zabar Entities"). Eli's Leasing is another of the Zabar Entities. Nine of the Zabar Entities are classified as retail food establishments and are therefore exempt from the SBA's affiliation rules. The four Zabar Entities that are not classified as retailed food establishments are the Vinegar Factory, Eli's Leasing, Eli's Bread (Eli Zabar), Inc., and Eli Zabar's Farm to Market LLC. These four Zabar Entities are not classified with "72" NAICS codes.

5.  In April 2020, the Vinegar Factory was approved for a PPP Loan in the amount of $1,076,682.00, and Eli's Leasing was approved for a PPP Loan in the amount of $59,302.00.

The Vinegar Factory and Eli's Leasing appropriately used their PPP loans to fund payroll and ensure the continuity of their operations during the Covid-19 pandemic.

6.  At the time the loans were approved, the Vinegar Factory had 58 employees and Eli's Leasing had 7 employees. The two other Zabar Entities that are not retail food establishments, Eli's Bread (Eli Zabar), Inc. and Eli Zabar's Farm to Market LLC, had 162 and 34 employees, respectively. Together, therefore, the Zabar Entities without "72" NAICS codes had a total of 361 employees. None of the Zabar Entities on its own had more than 500 employees.

7.  Both the Vinegar Factory and Eli's Leasing applied for forgiveness of their PPP loans. The SBA denied both forgiveness applications on the grounds that when all of the employees from all the other Zabar Entities are included in the calculations of the Vinegar Factory and Eli's Leasing's employees, the total number of employees exceeds the PPP's 500-employee limit.

8.  The SBA's determination is incorrect, because only the four Zabar Entities without "72" NAICS codes are subject to the SBA's affiliation rules. When the affiliation rules are applied to these Zabar Entities, the total number of employees for both the Vinegar Factory and Eli's Leasing is only 361—well under the 500-employee limit.

9.  As a result, the Vinegar Factory and Eli's Leasing appealed the SBA's denials of forgiveness to the SBA's Office of Hearings and Appeals ("OHA") through the required administrative appeals process. In both instances, the OHA Judge affirmed the SBA's erroneous decisions and denied the appeals.

10. The SBA's decisions denying the Vinegar Factory's and El's Leasing's PPP loan forgiveness applications must be reversed because they are contrary to both the intent and the plain text of the CARES Act and the PPP.

## PARTIES

11. Plaintiff The Vinegar Factory, Inc. ("Vinegar Factory ") is a kitchen and pastry production facility located at 431 East 9th Street, New York, NY 10028. It is one of 13 small businesses in New York City owned by Eli Zabar.

12. Plaintiff Eli's Leasing ("Eli's Leasing") is a small business located at 422 East 91st Street, New York, NY 10128. It is also owned by Eli Zabar.

13. Defendant the United States Small Business Administration ("SBA") is an independent federal agency created and authorized under 15 U.S.C. § 633, *et seq*. Pursuant to the CARES Act, the SBA administers the PPP.

14. Defendant Isabella Casillas Guzman is the Administrator of the SBA and is named as a Defendant in her official capacity only.

## VENUE AND JURISDICTION

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 5 U.S.C. § 702.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 703 because Plaintiffs resides in this judicial district.

17. The SBA's review and denial of the Vinegar Factory's appeal through OHA became final on May 24, 2023, 30 days after service of the OHA's Reconsideration Decision. *See* 13 C.F.R. § 134.1211(c)(3). The SBA's decision is appealable to this Court under 13 C.F.R. § 134.1211(g).

18.     The SBA's review and denial of Eli's Leasing's appeal through OHA became final on December 4, 2022, 30 days after service of the OHA Decision. *See* 13 C.F.R. § 134.1211(b). The SBA's decision is appealable to this Court under 13 C.F.R. § 134.1211(g).

## FACTS COMMON TO ALL COUNTS

### I.     The CARES Act and the PPP

19.     On March 25, 2020, Congress passed the CARES Act, which included the PPP. *See* Pub. L. No. 116-136, 134 Stat. 281 (2020); 15 U.S.C. § 636(a)(36).

20.     The CARES Act provided that the SBA would provide full PPP loan forgiveness for small business borrowers that met certain criteria, including that the borrowers used the loan proceeds for approved purposes such as payroll expenses, mortgage interest and rental payments, and utility expenses. *See* CARES Act, § 1106; 15 U.S.C. § 636m(b), (d); 15 U.S.C. § 636m(a)(11).

21.     The PPP loans at issue in this case are "first-draw" PPP loans. For these loans, the CARES Act provides that "any business concern . . . shall be eligible to receive a covered loan," so long as the business concern or other qualifying entity "employs not more than" 500 employees. *See* 15 U.S.C. § 636(a)(36)(D)(i).

22.     The borrower must certify on the applicable Borrower Application Form that the borrower is eligible to receive a PPP loan. For a first draw PPP loan, that includes certifying that the borrower is a small business concern as defined in the Small Business Act, which would include meeting the applicable SBA employee-based size standard, after applying the affiliation rules, if applicable.

23.     On April 3, 2020, SBA published a document titled "Affiliation Rules Applicable to U.S. Small Business Administration Paycheck Protection Program," which provides that

"[c]oncerns and entities are affiliates of each other when one controls or has the power to control the other, or a third party or parties controls or has the power to control both. It does not matter whether control is exercised, so long as the power to control exists. Affiliation under any of the circumstances described below is sufficient to establish affiliation for applicants for the Paycheck Protection Program." *See* SBA, *Affiliation Rules Applicable to U.S. Small Business Administration Paycheck Protection Program* (https://www.sba.gov/sites/sbagov/files/2020-06/Affiliation%20rules%20overview%20%28for%20public%29%20v2-508.pdf) (last accessed June 13, 2023).

24. Within this document, the SBA also explained the four tests for affiliation based on control of the entity applicable to participants in the PPP: 1) affiliation based on ownership; 2) affiliation arising under stock options, convertible securities, and agreements to merge; 3) affiliation based on management; and 4) affiliation based on identity of interest.

25. Under the CARES Act, however, these affiliation rules do not apply to any business concern with not more than 500 employees that, as of the date on which the loan is disbursed, is assigned a NAICS code beginning with 72. *See* 15 U.S.C. § 636(a)(36)(D)(iv).

**II.   The Vinegar Factory and Eli's Leasing are Approved for PPP Loans**

26. On or about April 6, 2020, both the Vinegar Factory and Eli's Leasing submitted applications for PPP loans.

27. In their respective loan applications, the Vinegar Factory indicated that it had 158 employees and Eli's Leasing indicated that it had 7 employees.

28. The Vinegar Factory and Eli's Leasing are 2 of 13 affiliated businesses. The 11 other affiliates are: (1) E.A.T. by Eli Zabar, Inc.; (2) Eli's Bread (Eli Zabar), Inc.; (3) Eli's Manhattan Inc.; (4) EAT Lexington 87 LLC; (5) EAT Madison LLC; (6) Eli Zabar Bread LLC;

(7) Eli Zabar's Farm to Market LLC; (8) EAT Madison 91 LLC; (9) Eat Third 79 LLC; (10) 254 Broome LLC; and (11) 54 Mulberry LLC.

29. The Vinegar Factory was approved for a PPP loan in the amount of $1,076,682.00.

30. Eli's Leasing was approved for a PPP loan in the amount of $59,302.00.

31. The Vinegar Factory and Eli's Leasing appropriately used their PPP loans to fund payroll and ensure the continuity of their operations during the Covid-19 pandemic.

### III. The SBA Wrongfully Denies Forgiveness of the Vinegar Factory's PPP Loan

32. On or about July 16, 2021, the Vinegar Factory submitted an application for forgiveness of its PPP loan.

33. In a letter dated January 10, 2022, the SBA advised the Vinegar Factory that it was denying forgiveness of Vinegar Factory's SBA Loan. The SBA's reasoning was, in pertinent part, as follows:

> Borrower was ineligible for PPP loan… SBA concludes that the Borrower business, or together with its affiliates, exceeds the maximum allowable number of employees and the SBA small business standards. Borrower is ineligible due to exceeding size stand [sic] for employee count due to several affiliations.

34. The SBA did not provide any detail as to how it calculated the number of the Vinegar Factory's employees, nor did the SBA identify the business entities it was considering to be the Vinegar Factory's affiliates.

35. On February 9, 2022, the Vinegar Factory filed an appeal of the SBA's final loan review decision, explaining that this decision was clearly erroneous, and requesting that the OHA reverse it and deem the Vinegar Factory eligible for PPP loan forgiveness.

**IV.   The SBA Wrongfully Denies Forgiveness of Eli's Leasing's PPP Loan**

36.    On or about May 27, 2021, Eli's Leasing submitted an application for forgiveness of its PPP loan.

37.    On April 12, 2022, Eli's Leasing was notified by its lender of the SBA's final loan review decision.[1]

38.    In determining that Eli's Leasing was ineligible for a PPP loan, the SBA stated, in pertinent part, as follows:

> After review of the documentation provided, the SBA concludes the Borrower business, or together with its affiliates, exceeds the maximum allowable number of employees and the SBA small business size standards…

39.    Again, the SBA did not provide any detail as to how it calculated the number of Eli's Leasing's employees, nor did the SBA identify the business entities it was considering to be Eli's Leasing's affiliates.

40.    On April 26, 2022, Eli's Leasing filed an appeal of the SBA's final loan review decision, explaining that this decision was clearly erroneous, and requesting that the OHA reverse it and deem Eli's Leasing eligible for PPP loan forgiveness

**V.   The SBA Agrees to the Reclassification of Multiple Zabar Entities to "72" NAICS Codes**

41.    In addition to the Vinegar Factory and Eli's Leasing, the SBA also denied forgiveness of PPP loans for seven other Zabar Entities: (1) 254 Broome LLC; (2) 54 Mulberry LLC; (3) E.A.T. is Owned by Eli Zabar, Inc.; (4) EAT Madison LLC; (5) EAT Madison 91 LLC; (6) EAT Third 79 LLC; and (7) Eli's Manhattan, Inc. These seven Zabar Entities are all

---

[1]    While the SBA's final loan review decision was dated January 31, 2022, it was not provided to Eli's Leasing by its lender until April 12, 2022.

customer-facing, retail food establishments that mistakenly assigned themselves NAICS codes that did not begin with 72. These seven Zabar Entities also timely filed appeals with the OHA related to the SBA's denials of loan forgiveness.

42. While all 9 Zabar Entity appeals were pending, counsel for the SBA asked counsel for the Zabar Entities to have new SBA Form 3511 "Affiliation Worksheets" completed for all 9 Zabar Entities.

43. On June 3, 2022, Counsel for the Zabar Entities provided the requested SBA Form 3511 to the SBA's counsel. With these forms, counsel for the Zabar Entities also sent a letter explaining that 254 Broome LLC, Mulberry LLC, E.A.T. is Owned by Eli Zabar, Inc., EAT Madison LLC, EAT Madison 91 LLC, EAT Third 79 LLC, and Eli's Manhattan, Inc. are retail food establishments that should have been self-assigned "72" NAICS codes, thus exempting them from SBA's affiliation rules for purposes of determining PPP eligibility. Counsel for the Zabar Entities also explained that the employees of these "72" affiliates should not be considered in calculating the total number of employees for the Vinegar Factory and Eli's Leasing for purposes of PPP eligibility and forgiveness, consistent with 15 U.S.C. 636(a)(36)(D)(iv)(I), thus bringing the total number of affiliated employees for the Vinegar Factory and Eli's Leasing to 361, well under the 500 employee maximum for PPP eligibility and forgiveness. *See* Letter to SBA Counsel (Ex. A).

44. Thereafter, the SBA reversed its decisions with respect to all of those Eli Zabar Entities that were "72" affiliates of the Vinegar Factory and Eli's Leasing, finding that these entities fit the criteria of retail food establishments that should have been self-assigned "72" NAICS codes, thus exempting them from the SBA's affiliation rules for purposes of determining PPP eligibility.

## VI. The OHA Denies the Vinegar Factory and Eli's Leasing's Administrative Appeals

45. On November 4, 2022, and notwithstanding the SBA's approval of forgiveness for multiple Zabar Entity businesses, the OHA issued its decision affirming the SBA's final loan review decision relative to Eli's Leasing. The OHA judge found that Eli's Leasing is "not the entity that would receive the benefit of the '72' NAICS code; it would only benefit the entities who would, on their own, be classified under a '72' NAICS code. Having entities eligible for a NAICS Code '72' affiliation waiver does not change the fact that Appellant itself is not entitled to such a waiver and Appellant has not shown otherwise." *See* Eli's Leasing OHA Decision at 8 (Ex. B).

46. On March 31, 2023, the OHA issued its decision affirming the SBA's final loan review decision denying forgiveness of the Vinegar Factory's PPP loan, finding that there was no mechanism for the Vinegar Factory's retail food establishment affiliates to "appeal or dispute" an assigned NAICS code, seemingly unaware that the SBA had already permitted these affiliates to change their NAICS codes to begin with "72," reversed its initial position on these loans, and granted forgiveness. *See* Vinegar Factory OHA Decision at 18 (Ex. C).

47. On April 10, 2023, the Vinegar Factory filed a Request for Reconsideration of the initial OHA ruling.

48. Specifically, the Vinegar Factory argued that while the Vinegar Factory itself is not in the customer-facing retail food service industry, multiple of its affiliates are, and these affiliates are considered exempt from the SBA's affiliation rules. Thus, they should be exempt from the employee count when determining the number of the Vinegar Factory's employees, as well.

49. The Request for Reconsideration also noted that the SBA had already found that multiple Zabar Entities were in fact entitled to an affiliation waiver, and reversed its initial decisions denying forgiveness of their PPP loans.

50. On April 24, 2023, the OHA denied the Request for Reconsideration, again ignoring the fact that the SBA had reversed its initial decisions denying forgiveness to the Vinegar Factory and Eli's Leasing retail food establishment affiliates. *See* Reconsideration Decision (Ex. D).[2]

## COUNT I
### Judicial Review of Agency Action

51. Plaintiffs incorporate Paragraphs 1-50 as if fully set forth herein.

52. Both the SBA final loan review decisions and the OHA decisions affirming the SBA final loan review decisions were contrary to the CARES Act and the PPP.

53. The PPP specifically provides that businesses with "72" NAICS Codes are entitled to a waiver of the affiliation rules. Employees of any Vinegar Factory and Eli's Leasing affiliates with a "72" NAICS code should not be considered in calculating the total number of employees for the Vinegar Factory or Eli's Leasing for purposes of PPP eligibility and forgiveness. This position is consistent with the text of the PPP, which provides that the affiliation rules are waived for any business with not more than 500 employees with a 72 NAICS code. *See* 15 U.S.C. 636(a)(36)(D)(iv)(I). When those waiver-eligible affiliates are excluded, the Vinegar Factory and Eli's Leasing have only 361 employees, well under the 500 employee limit

---

[2] The OHA decisions dated November 4, 2022, March 31, 2023, and April 24, 2023, contain certain confidential financial information of Plaintiffs. As such, they are attached hereto as Exhibits B, C, and D, respectively, in redacted form. Unredacted versions of these documents will be submitted to the Court for filing under seal following the filing of this Complaint.

for PPP eligibility. The SBA's decisions to the contrary are not in accordance with the CARES Act and the PPP. *See* 5 U.S.C. § 706(2)(A).

54. At the very least, the SBA's handling of the Vinegar Factory's and Eli's Leasing's PPP loans was arbitrary and capricious, and an abuse of the SBA's discretion in administering the PPP. Specifically, the SBA denied forgiveness to The Vinegar Factory and Eli's Leasing while forgiving the PPP loans of its affiliates. Moreover, the OHA decisions in the Vinegar Factory administrative appeal proceedings (both the initial decision and the reconsideration decision) appear to ignore the fact that the SBA permitted multiple Vinegar Factory and Eli's Leasing affiliates to change their self-selected NAICS codes to begin with "72," granted them an affiliation waiver, and reversed their initial denials of loan forgiveness. There has been no explanation by the SBA as to why the employees of the exempt affiliates should be counted towards the Vinegar Factory and Eli's Leasing's total number of employees, and no explanation as to why the OHA has ignored the SBA's own handling of the affiliates' loans.

55. The SBA's inconsistent handling of forgiveness determinations as between the Vinegar Factory and Eli Zabar and their affiliated business was arbitrary, capricious, and an abuse of the SBA's discretion. *See* 5 U.S.C. § 706(2)(A).

## COUNT II
### Declaratory Judgment

56. Plaintiffs incorporate Paragraphs 1-55 as if fully set forth herein.

57. An actual controversy exists between the parties as to the SBA's application of its affiliation rules and corresponding denials of forgiveness of the Vinegar Factory's and Eli's Leasing's PPP loans.

58. The SBA's application of its affiliation rules and corresponding denials of forgiveness of the Vinegar Factory's and Eli's Leasing's PPP loans are contrary to the PPP,

12

arbitrary and capricious, and an abuse of the SBA's discretion in administering the PPP. *See* 5 U.S.C. § 706(2)(A).

59.     Both the Vinegar Factory and Eli's Leasing are entitled to a judgment declaring that the SBA's application of its affiliation rules and corresponding denials of forgiveness of their PPP loans was legal error, was arbitrary and capricious, and was an abuse of the SBA's discretion.

60.     The Vinegar Factory and Eli's Leasing are further entitled to a judgment vacating and reversing the SBA's final loan review decisions denying forgiveness of their PPP loans and the subsequent OHA decisions denying the Vinegar Factory and Eli's Leasing administrative appeals, and ordering the SBA to fully forgive the Vinegar Factory's and Eli's Leasing's PPP loans.

## PRAYER FOR RELIEF

WHEREFORE, the Vinegar Factory and Eli's Leasing respectfully request that the Court enter an Order:

   i.   Declaring that the SBA's application of its affiliation rules and its corresponding decisions denying forgiveness of the Vinegar Factory's and Eli's Leasing's PPP loans were contrary to law, arbitrary and capricious, and an abuse of discretion;

   ii.  Vacating and reversing the SBA's final loan review decisions denying forgiveness of the Vinegar Factory's and Eli's Leasing's PPP loans and the OHA decisions denying the Vinegar Factory and Eli's Leasing administrative appeals;

iii. Ordering the SBA to fully forgive the Vinegar Factory's and Eli's Leasing's PPP loans;

iv. Awarding the Vinegar Factory and Eli's Leasing their attorneys' fees and costs; and

v. Awarding such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: June 13, 2023

**EPSTEIN BECKER & GREEN, P.C.**

By: /s/*Robert Lufrano*
Robert Lufrano, Esq.
Theodora McCormick, Esq. (*pro hac vice* application forthcoming)
Melissa Sarsten Polito, Esq. (*pro hac vice* application forthcoming)

150 College Road West, Suite 301
Princeton, NJ 08540
Telephone: (609) 455-1450
Facsimile: (609) 228-5318
rlufrano@ebglaw.com
tmccormick@ebglaw.com
mpolito@ebglaw.com

*Attorneys for Plaintiffs*
*The Vinegar Factory, Inc. and*
*Eli's Leasing, Inc.*