

Attorneys at Law

Robert Lufrano
t  609.455.1539
f  609.228.5318
RLufrano@ebglaw.com

*The motion to seal is GRANTED temporarily.  The Court will assess whether to keep the materials at issue redacted when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF Nos. 24 and 25.  SO ORDERED.*

*March 4, 2024*

March 4, 2024

**Via ECF**

The Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 1007

    Re:  *The Vinegar Factory, Inc., et al. v. The United States Small Business Administration, et al.,* Civil Action No. 1:23-cv-04967-JMF

Dear Judge Furman:

This firm represents Plaintiffs The Vinegar Factory, Inc. and Eli's Leasing, Inc. (collectively, "Plaintiffs") in the above-referenced matter. Plaintiffs respectfully submit this letter motion requesting approval to file and maintain under seal three documents that were attached to Plaintiffs' Complaint (ECF No. 1) in redacted form.

As set forth in their Complaint, Plaintiffs seek judicial review of final agency action by the United States Small Business Administration ("SBA"), specifically SBA's denial of forgiveness of Paycheck Protection Program ("PPP") loans Plaintiffs obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Attached to Plaintiffs' Complaint as Exhibits B, C, and D are Decisions that were issued by the SBA's Office of Hearings and Appeals in connection with Plaintiffs' administrative appeals (the "OHA Decisions"). Plaintiffs redacted limited portions of the OHA Decisions that refer to Plaintiffs' confidential financial information, including: (i) calculations of

The Honorable Jesse M. Furman, U.S.D.J.
March 4, 2024
Page 2

Plaintiffs' and their affiliate businesses' net worth and gross receipts; (ii) Plaintiffs' payroll calculations; and (iii) references to Plaintiffs' federal income tax returns.

Counsel for Plaintiffs and counsel for the SBA have conferred regarding Plaintiffs' sealing request. As a result, Plaintiffs have agreed to further limit the redactions to the OHA Decisions. Enclosed with this letter motion are copies of the OHA Decisions with these revised, more limited redactions. Plaintiffs are also filing with this letter motion fully unredacted copies of the OHA Decisions, under seal. Plaintiffs respectfully request that the Court enter an Order maintaining the unredacted versions of the OHA Decisions under seal. The SBA takes no position on Plaintiffs' request to maintain the unredacted versions of these documents under seal.

Sealing of confidential information is authorized by federal law. Although there is a presumption of public access to judicial documents, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). In considering requests for the sealing of documents, courts "balanc[e] the value of public disclosure and 'countervailing factors' such as … the privacy interests of those resisting disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (*Amodeo II*)). Concerning specifically any document that is filed in an administrative appeal of the SBA's denial of PPP loan forgiveness and that "contains confidential business and financial information" or "income tax returns," "that information is not available to the public pursuant to the Freedom of Information Act." *See* 13 C.F.R. § 134.1214.

Here, Plaintiffs have narrowly tailored their sealing request and are moving to maintain under seal only a few specific words and lines of text from the OHA Decisions in order to protect their confidential financial information from public view. Moreover, Plaintiffs have a strong interest in maintaining the confidentiality of this information, including their net worth, payroll costs, and information relating to their federal income tax returns. Redacting this information from the OHA Decisions is warranted in order to protect Plaintiffs from commercial harm. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (ordering that compensation information be sealed); *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing references to a party's "cost and profit structure" because "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."); *Saleem v. Corporate Transp. Group, Ltd.*, No., No. 12-cv-8450, 2013 WL 6061340, at *8 (S.D.N.Y. Nov. 15, 2013) (granting motion to seal, finding a strong interest in maintaining the confidentiality of documents referencing company's dispatch data, check registers, and excerpts from tax returns); *Playtex Products, LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal sales and revenue information); *Solomon v. Siemens Industry, Inc.*, 8 F. Supp. 3d. 261, 285 (E.D.N.Y. 2014) ("Tax returns are generally afforded special protection from public disclosure.").

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order maintaining the unredacted versions of the OHA Decisions (Exhibits B, C, and D to Plaintiffs' Complaint) under seal.

The Honorable Jesse M. Furman, U.S.D.J.
March 4, 2024
Page 4

       We thank the Court for its time and attention to this matter, and remain available should Your Honor require additional information.

                                          Respectfully submitted,

                                          */s/Robert Lufrano*
                                          Robert Lufrano

Enclosures
(Revised, redacted versions of Exhibits B, C, and D filed publicly)
(Fully unredacted versions of Exhibits B, C, and D filed under seal)

cc:       Joseph A. Pantoja, Esq., U.S. Attorney's Office, Southern District of New York (via ECF)