```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
THE VINEGAR FACTORY, INC. et al.,                                       :
                                                                        :
                              Plaintiffs,                               :
                                                                        :            23-CV-4967 (JMF)
                -v-                                                     :
                                                                        :          MEMORANDUM OPINION
THE UNITED STATES SMALL BUSINESS                                        :              AND ORDER
ADMINISTRATION et al.,                                                  :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In March 2020, in response to the COVID-19 pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, more commonly known as the "CARES Act," which established the Paycheck Protection Program or "PPP." The PPP authorized the Small Business Administration ("SBA") "to guarantee favorable and potentially forgivable loans to businesses negatively impacted by the pandemic." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 408 (2d Cir. 2022). Plaintiffs the Vinegar Factory, Inc. and Eli's Leasing Inc. — two of thirteen New York businesses owned by Eli Zabar — received loans through the PPP and, later, applied for their loans to be forgiven. *See* ECF No. 1 ("Compl."), ¶¶ 5, 7, 32, 36. The SBA denied loan forgiveness, a decision that was affirmed by the SBA's Office of Hearings and Appeals ("OHA"). *See id.* ¶¶ 32-40, 45-60; *see also* ECF No. 1-2 ("Eli's Leasing OHA Decision"); ECF No. 1-4 ("Vinegar Factory OHA Decision"). Thereafter, Plaintiffs brought this suit against the SBA and its Administrator, seeking a declaration that the SBA's decisions violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), vacatur and reversal of the SBA's decisions, and an injunction ordering the SBA to fully forgive Plaintiff's PPP

loans.  *See* Compl. 13-14.  Defendants now move, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, to dismiss.  *See* ECF No. 17.

Defendants' primary argument for dismissal is that the Court lacks subject-matter jurisdiction because Plaintiffs seek injunctive and declaratory relief and the Government has not waived sovereign immunity for such relief.  *See* ECF No. 18 ("Defs.' Mem."), at 12-16.  Although subject-matter jurisdiction is "usually" a "threshold issue[] that must be decided before proceeding to the merits of a given case," the Second Circuit held in *Springfield Hospital* that "the question of the SBA's sovereign immunity . . . is not a threshold question [a court] must decide before holding that [a] claim fails on the merits."  28 F.4th at 416.  Addressing the merits first is especially justifiable, the Circuit explained, "where . . . the plaintiffs seek other forms of relief . . . as to which no sovereign immunity issue exists."  *Id.* at 417.  Defendants ignore it, but that is the case here, as Plaintiffs seek not only injunctive and declaratory relief but also "vacat[ur] and revers[al] of the SBA's final loan review decisions," Compl. at 13, "relief . . . as to which no sovereign immunity issue exists," *Springfield Hosp.*, 28 F.4th at 417; *see, e.g.*, *DACO Invs., LLC v. U.S. Small Bus. Admin.*, No. 6:22-CV-01444 (RRS), 2024 WL 750594, at *6 (W.D. La. Feb. 22, 2024); *Seville Indus. LLC v. U.S. Small Bus. Admin.*, No. 6:22-CV-06229 (DCJ), 2024 WL 697592, at *4-8 (W.D. La. Feb. 20, 2024).[1]  Accordingly, the Court need not

---

[1] Plaintiffs point out in their opposition to Defendants' motion that they seek relief as to which no sovereign immunity issue exists.  *See* ECF No. 21 ("Pls.' Opp'n"), at 8-11.  Puzzlingly, Defendants ignore the point in their reply and persist in seeking outright dismissal on sovereign immunity grounds.  *See* ECF No. 22, at 1-2.  Defendants' failure to recognize that sovereign immunity here is, at best, "merely . . . a defense against . . . particular form[s] of *relief*," and "not . . . a defense against suit," *Springfield Hosp.*, 28 F.4th at 417, is all the more puzzling given that they acknowledge, as they must, that the SBA's final decisions are subject to judicial review, *see* Defs.' Mem. 6 (noting that a final decision of the SBA "may be reviewed in federal court (citing 13 C.F.R. § 134.1201(d))); *id.* at 7-8 (conceding that the SBA's decisions in this case are "appealable in this Court" (citing 13 C.F.R. § 134.1211(g))).

and does not opine on Defendants' subject-matter jurisdiction arguments and proceeds to the merits.

Since well before the COVID-19 pandemic, the SBA has used its "extraordinarily broad powers" to "lend[] money to small businesses whenever they could not get necessary loans on reasonable terms from private lenders." *Small Bus. Admin. v. McClellan*, 364 U.S. 446, 447 (1960). Pursuant to its statutory mandate to "take any and all actions" to "mak[e]" and "servic[e]" such loans, 15 U.S.C. §§ 632(a)(2)(A)–(B), 634(b)(7), the SBA established several eligibility criteria for its Section 7(a) loan program, including the number of employees as measured against the "size standard" for the applicant's business category under the North American Industry Classification System ("NAICS"), *see* 13 C.F.R. §§ 121.101-103. If two businesses are "affiliated" — including by common ownership — the SBA aggregates their sizes to determine loan eligibility. *See id.* § 121.103. In 2020, the CARES Act placed the PPP within the SBA's Section 7(a) loan program with few changes to the eligibility criteria. As relevant here, the legislation expanded the scope of eligible borrowers to a wider variety of businesses employing "not more than . . . 500 employees," 15 U.S.C. § 636(a)(36)(D)(i)(I), and waived the affiliation rules "for . . . any business concern with not more than 500 employees that, as of the date on which the covered loan is disbursed, is assigned a [NAICS] code beginning with 72," denoting the Accommodation and Food Services sector. *Id.* § 636(a)(36)(D)(iv)(I).

Given this statutory and regulatory framework (which Plaintiffs do not and cannot dispute, *see, e.g.*, Compl. ¶¶ 2-3, 23-25), Plaintiffs' claims fail as a matter of law. Plaintiffs concede, as they must, that their total employee counts exceed 500 when aggregated with their affiliates, *see id.* ¶¶ 43; Eli's Leasing OHA Decision 8; Vinegar Factory OHA Decision 12, and that their own NAICS codes do not begin with 72, *see* Compl. ¶ 4. These concessions are fatal to their claims. Notably, in a "Frequently Asked Questions" document for PPP borrowers, the

3

SBA provided the following example in response to a question about waiver of the affiliation rules under Section 636(a)(36)(D)(iv)(I):

> <u>Example 3</u>: Company X wholly owns Company Y and Company Z (as a result, Companies X, Y, and Z are all affiliates of one another). Company Y owns a restaurant with 400 employees.  Company Z is a construction company with 400 employees. . . .  *The waiver of the affiliation rules does not apply to Company Z, because Company Z is in the construction industry*.  Under the SBA's affiliation rules, 13 C.F.R. 121.301(f)(1) and (3), Company Y and Company Z are affiliates of one another because they are under the common control of Company X, which wholly owns both companies.  *This means that the size of Company Z is determined by adding its employees to those of companies X and Y.  Therefore, Company Z is deemed to have more than 500 employees, together with its affiliates.*

*Paycheck Protection Program Loans: Frequently Asked Questions (FAQs)*, U.S. DEP'T OF TREASURY 11 (June 13, 2013) ("PPP FAQs"), https://home.treasury.gov/system/files/136/FAQ-PPP-for-Borrowers-and-Lenders-Questions-1-72-V13.pdf (emphases added); *see also* Defs.' Mem. 17 n.5.  This interpretation and application of Section 636(a)(36)(D)(iv)(I) accords with the statutory text, which provides that the affiliation rules are waived "for" a business that "is assigned a [NAICS] code beginning with 72" — not a business *with an affiliate* that has a NAICS code beginning with 72.  15 U.S.C. § 636(a)(36)(D)(iv)(I).

Here, Plaintiffs are like "Company Z" in the SBA's example; Eli Zabar (or whatever entity actually owns Plaintiffs) is like "Company X"; and Plaintiffs' affiliates in the Accommodation and Food Services sector are like "Company Y."  Because Plaintiffs themselves do not have NAICS codes beginning with 72, "[t]he waiver of the affiliation rules does not apply" to them.  PPP FAQs 11; *see* Eli's Leasing OHA Decision 6-8.  It follows that their sizes for purposes of PPP eligibility — and, by extension, forgiveness of their PPP loans, *see* 15 U.S.C. § 636m(b) (providing that an entity was must be "[a]n eligible recipient" to be "eligible for forgiveness"); Paycheck Protection Program – Requirements – Loan Forgiveness, 85 Fed. Reg. 33004, 33005 (May 28, 2020) ("If SBA determines in the course of its review that the

borrower was ineligible for the [PPP loan] . . . the loan will not be eligible for loan forgiveness.") — must be "determined by adding [their] employees to those of" their affiliates, whether or not the affiliates' NAICS codes begin with 72. PPP FAQs 11; *see* Eli's Leasing OHA Decision 6-8. Because the OHA cited and applied the SBA's "Company Z" example in its decision denying Eli's Leasing's application, *see id.*, the Court concludes that the OHA did not violate the APA in affirming the SBA's denial of loan forgiveness as to Eli's Leasing.

  The Vinegar Factory's claims require brief additional discussion, if only because the OHA relied on a slightly different analysis in denying its application. *See* Vinegar Factory OHA Decision 12-15; Compl. ¶¶ 46, 50. In their administrative appeals, Plaintiffs had argued that because the SBA should not aggregate them with affiliates that had NAICS codes beginning with 72, there was a material change requiring reversal when, in the interim between the original decision and the appeal, the SBA had granted their affiliates' request to "change their self-selected NAICS codes to begin with '72.'" Compl. ¶ 54; Pls.' Opp'n 16-17. In its decision regarding the Vinegar Factory, the OHA addressed only the latter portion of Plaintiffs' argument and explained that the SBA had correctly construed and aggregated Plaintiffs' affiliates as businesses without "72" NAICS codes because the rules allowing for "Appeals from Size Determinations" did not apply to PPP applications under 13 CFR § 134.1201(g). Vinegar Factory OHA Decision 13. This rationale is perhaps a more roundabout way of getting to the same result as that reached by OHA in connection with Eli's Leasing, but the Court cannot say that it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under the APA. 5 U.S.C. § 706(2)(A).

  First, even if Plaintiffs were correct that the SBA should not have aggregated Plaintiff with any affiliates that had "72" NAICS codes, Section 636(a)(36)(D)(iv)(I) itself specifies that the waiver is available only to those that, "*as of the date on which the covered loan is disbursed*,

5

[are] assigned a [NAICS] code beginning with 72." 15 U.S.C. § 636(a)(36)(D)(iv)(I) (emphasis added).  Here, Plaintiffs acknowledge that none of their affiliates had "72" NAICS codes at the time of the loan disbursement.  See Compl. ¶¶ 42-44 (alleging that seven of the nine affiliates had their NAICS codes changed to those beginning with 72 while Plaintiffs' administrative "appeals were pending").  The OHA's analysis therefore appears to be consistent with the text of the waiver provision.  Second, and in any event, the Court is "[m]indful of Congress' admonition that in reviewing agency action, 'due account shall be taken of the rule of prejudicial error.'" *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 659 (2007) (quoting 5 U.S.C. § 706).  Indeed, "[i]n administrative law, as in federal civil and criminal litigation, there is a harmless error rule."  *Magellan Tech., Inc. v. U.S. Food & Drug Admin.*, 70 F.4th 622, 629 (2d Cir. 2023) (quoting *Nat'l Ass'n of Home Builders*, 551 U.S. at 659-60).  Even if OHA's stated rationale in denying the Vinegar Factory's forgiveness application was wrong, therefore, that rule would apply here because the Vinegar Factory was ineligible for forgiveness for the reasons discussed above.

Notably, in contesting Defendants' motion to dismiss for failure to state a claim, Plaintiffs do not even cite the statute or the SBA's regulations and interpretations of it, let alone make an argument for *why* the law entitles them to relief.  See Pls.' Opp'n 15-17.  They merely note their "position" — namely, "that employees of the Zabar Entities with a '72' NAICS code should not be considered in calculating the total number of employees for Vinegar Factory or Eli's Leasing for purposes of PPP eligibility and forgiveness" — and suggest that they state a claim simply because there is a "dispute" between the parties "over the interpretation" of the applicable regulations.  *Id.* at 15-17.  But while the mere existence of a dispute is enough to establish there is a "case or controversy," it is plainly not enough to establish that Plaintiffs state a claim.  To do the latter, a plaintiff must also demonstrate that its claim "is plausible."  *Ashcroft*

6

*v. Iqbal*, 556 U.S. 662, 678 (2009).  For the reasons the Court explained above, Plaintiffs here do not and cannot make that showing because their arguments are inconsistent with the statute and the SBA's reasonable interpretations of the statute.  Accordingly, Defendants' motion to dismiss for failure to state a claim must be and is GRANTED, and Plaintiffs' Complaint is dismissed in its entirety.

The Clerk of Court is directed to terminate ECF No. 17, to enter judgment for Defendants, and to close the case.

SO ORDERED.

Dated: March 13, 2024
      New York, New York

                                             JESSE M. FURMAN
                                         United States District Judge